[Nos. 13482–5–I; 13564–3–I.   Division One.   September 9, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. SYBIL LOUISE BAILEY, ET AL, *Appellants.*

*Dori Jones* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Edwin Inkley, Deputy,* for respondent.

CORBETT, C.J.—Sybil L. Bailey and Edward Johnson each appeal their judgment and sentence for unlawful

possession of heroin in violation of RCW 69.50.401(d). We affirm.

A warrant was issued to search an apartment in the central district of Seattle. The affidavit in support of the warrant stated that a confidential informant had seen a quantity of heroin and cocaine in the apartment within the previous 24 hours. The apartment was shared by the defendant Bailey, Bailey's two sons and the defendant Johnson. During the search, heroin was found in several places in the apartment.

Defendants were tried together under the theory of constructive possession. Bailey testified that, due to an injury, she had been confined to her bedroom for about 2 weeks and that many people came to her apartment to help her. She denied knowing that there was heroin in the apartment. Johnson testified that although he usually lived in the apartment, he had not done so for the past 2 weeks. He denied possessing or ever using heroin and denied any knowledge of the heroin found in the apartment. The jury found them guilty. Their cases were consolidated on appeal.

Defendants first assign error to the trial court's failure to require that the State prove that they knowingly possessed a controlled substance. The court in *State v. Cleppe,* 96 Wn.2d 373, 377–80, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006 (1982) considered the legislative history of RCW 69.50.401(d)[1] and concluded that guilty knowledge is not an element of the crime of simple possession. *Cleppe,* at 380. In so holding, the court noted the disparity between this conclusion and the rule in *State v. Boyer,* 91 Wn.2d 342, 344, 588 P.2d 1151 (1979), that guilty knowledge (understanding the identity of the product being delivered) is an element of the crime of *delivery* of a controlled substance under RCW 69.50.401(a). But, the court

---

[1]"It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter." RCW 69.50.401(d).

stated, "[t]his conflict, if such it be, must be corrected by the legislature, not the court." *Cleppe,* at 380.

The definition of the elements of a criminal offense is entrusted to the Legislature. *See Liparota v. United States,* ___ U.S. ___, 85 L. Ed. 2d 434, 105 S. Ct. 2084, 2087 (1985). Criminal offenses requiring no mens rea have a generally disfavored status. *Liparota,* 105 S. Ct. at 2088; *United States v. United States Gypsum Co.,* 438 U.S. 422, 438, 57 L. Ed. 2d 854, 98 S. Ct. 2864 (1978). However, the Legislature did not modify the statute after *Cleppe,* and it would be inappropriate to judicially require knowledge as an element of possession. Moreover, *Cleppe* clearly holds that guilty knowledge is not an element of the crime of possession of a controlled substance, and this court is bound by that decision until the Supreme Court overrules it. *See State v. Gore,* 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

Defendants allege that RCW 69.50.401(d), as construed by *Cleppe,* exceeds the constitutional limits of legislative drafting. They contend that it shifts the burden of proving a traditional element of unlawful possession, knowledge, to the accused by labeling that element "unwitting possession," an affirmative defense. *Patterson v. New York,* 432 U.S. 197, 210–11, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 698–99, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). In *Cleppe,* the court states that "[i]f the defendant can affirmatively establish his 'possession' was unwitting, then he had no possession for which the law will convict. The burden of proof, however, is *on the defendant." Cleppe,* at 381. The defendants argue that in this respect *Cleppe* has been implicitly overruled by *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983), which states that when a defense negates an element of unlawfulness, the State is required to prove the absence of the defense beyond a reasonable doubt. *McCullum,* at 495–96.

Defendants claim that the court erred in failing to give a specific burden of proof instruction as required by *McCullum* where, as here, they argue, the State bears the

burden of proving the absence of a defense. *McCullum,* at 498–500. Where the State bears the burden of proving the absence of a defense, a specific instruction is *preferable,* but failure to provide one is not reversible error so long as the instructions as a whole make it clear that the State has the burden. *State v. Acosta,* 101 Wn.2d 612, 621, 683 P.2d 1069 (1984). When the instructions are clear as to who has the burden and, moreover, when the defendant has not requested a specific burden of proof instruction, the trial court has no affirmative duty to give one. *State v. Fuller,* 39 Wn. App. 104, 108, 692 P.2d 203 (1984). The instructions told the jury that the State had the burden of proving unlawful possession and that possession was not unlawful if the defendant did not know the drug was in his or her possession. Read as a whole, the instructions informed the jury that the State had the burden of proving the absence of unwitting possession. Moreover, the defendants did not request a specific instruction.

The end result in this case is that the burden of proving knowledgeable possession was not shifted to the defendants. Therefore we do not reach the question of whether the Legislature has gone beyond constitutional limits by shifting the burden of proving a traditional element of the crime.

Finally, the defendants assign error to the court's failure to order disclosure of the confidential informant. In pretrial motions, both defendants requested an order compelling disclosure of the informant's identity. The court granted an in camera hearing. Defendants' attorneys were not present but submitted questions to be asked of the informant. Following the in camera hearing, the trial court denied the motion to reveal the informant's identity. Defendants speculate that the informant could have testified on behalf of their defense that they were unaware there were drugs in the apartment, that Johnson was not present when the informant observed the heroin, and that Bailey's injury incapacitated her to the extent that she had to rely upon others.

█ This court has conducted a de novo review of the in camera testimony to determine whether disclosure should have been granted. In doing so, we remember that the State has a well recognized privilege to withhold the identity of a police informant. CrR 4.7(f)(2); RCW 5.60.060(5); *State v. Harris*, 91 Wn.2d 145, 148, 588 P.2d 720 (1978). The privilege must give way only where disclosure of the informant's identity or the content of the informant's communication is relevant and helpful to the defense or is otherwise essential to a fair determination of the cause. *Roviaro v. United States*, 353 U.S. 53, 60–61, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957). When the defendant makes a preliminary showing under the *Roviaro* standard, the trial court should conduct an in camera hearing to review the informant's testimony. *Harris*, at 150–52. *See State v. Casal*, 38 Wn. App. 310, 313 n.1, 684 P.2d 1375 (1984). The court must in each case balance "'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Harris*, at 150 (quoting *Roviaro*, at 62).

The trial court ruled, after the in camera hearing, that the informant's identity was not relevant and helpful to the defendant and was not essential to a fair determination of the cause. The court also found that at the time the informant observed heroin in the apartment, Bailey was present but Johnson was not. At the hearing, the informant answered each question that the defendants had submitted. In addition, the court asked follow–up questions whenever the informant's responses were unclear or it appeared that additional questions might lead to information important to the defense. Although a situation might exist where the court could not fairly function as advocate and decision maker, there is no basis for that concern here. Moreover, this court finds in the record before it that much of the informant's testimony would have been incriminating to the defense. The trial court did not abuse its discretion in denying disclosure of the informant.

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.