[No. 8963-1-III.   Division Three.   June 1, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY KNAPP, *Appellant.*

*John Knodell,* for appellant (appointed counsel for appeal).

*Paul Klasen, Prosecuting Attorney,* and *Mary Ann Brady, Deputy,* for respondent.

SHIELDS, J.—Jeffrey Knapp was found guilty by nonjury trial of possession of cocaine, RCW 69.50.401(d), despite his assertion his possession was unwitting. He appeals, contending: (1) the evidence was insufficient to establish his dominion and control over the cocaine beyond a reasonable doubt, (2) he was improperly required to prove unwitting possession by a preponderance of the evidence, and (3) the State failed to prove his possession was either not unwitting or knowing and intentional, beyond a reasonable doubt. We affirm.

On May 12, 1987, Mr. Knapp was stopped by two police officers for a traffic violation. With his consent, the officers searched his car and found several $20 bills, including one which was rolled up tightly and found in the seat belt over Mr. Knapp's left shoulder; it appeared to contain cocaine. The officers also found a bindle containing cocaine on the right side of the gearshift lever and plastic baggies containing marijuana in the front seat console.[1]

At his trial for possession of cocaine, Mr. Knapp testified he did not know the $20 bill was hidden in the seat belt mechanism nor that the bindle of cocaine was in the automobile. He also stated several friends had been in the car

---

[1]Prior to this trial, Mr. Knapp pleaded guilty to 1 count of possession of marijuana.

that day, one of whom might have left the cocaine there. The trial court found him guilty stating "it's as likely that Mr. Knapp knew of the cocaine as it is that he did not know. And that's giving every benefit of the doubt I can to Mr. Knapp." The trial court did find that Mr. Knapp was in possession of the substance, that the substance was cocaine and that the possession occurred in Grant County beyond a reasonable doubt, but went on to observe, "I cannot find by a preponderance of the evidence that Mr. Knapp was unaware that the cocaine was in his car." It is this observation by the trial court which raises the principal issue on appeal.

Mr. Knapp's first contention of insufficient evidence to prove dominion and control of the cocaine is essentially spurious. He asserts one cannot exercise control over something which he does not even know exists, relying on *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979). That case, however, did not involve an issue of possession; it involved the defendant's knowledge of the identity of the substance as intrinsic to the crime of intent to deliver a controlled substance, a separate and distinct offense in RCW 69.50-.401(a). There is no question Mr. Knapp owned the car, was driving it, and was alone in the car at the time of his arrest. He was in actual possession of the car and in constructive possession of its contents. Constructive possession is established when the person charged has dominion and control over either the drugs or the place where the drugs are found. *State v. Gutierrez,* 50 Wn. App. 583, 592, 749 P.2d 213, *review denied,* 110 Wn.2d 1032 (1988); *State v. Dodd,* 8 Wn. App. 269, 274, 505 P.2d 830 (1973).

Mr. Knapp's second contention is that the court erred by requiring him to prove unwitting possession by a preponderance of the evidence. He relies on *State v. Bailey,* 41 Wn. App. 724, 706 P.2d 229 (1985), in which the defendant, who was charged with possession of heroin, did not request a specific burden of proof instruction to the jury. The court held, at page 728:

[F]ailure to provide one is not reversible error so long as the instructions as a whole make it clear . . . that the State had the burden of proving unlawful possession and that possession was not unlawful if the defendant did not know the drug was in his or her possession. Read as a whole, the instructions informed the jury that the State had the burden of proving the absence of unwitting possession. Moreover, the defendants did not request a specific instruction.

The end result in this case is that the burden of proving knowledgeable possession was not shifted to the defendants.

The case presents a number of problems and substantial confusion because it suggests unwitting possession is lawful and implies that the State must prove the possession was knowing or intentional.

First, RCW 69.50.401(d) makes it

unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.

It is clear at the outset that possession of a controlled substance is unlawful unless the person having possession has a valid prescription or order of a practitioner. Two exceptions to culpability are also created as to persons who are the duly authorized holders of an appropriate registration (RCW 69.50.506(b)) or an authorized state, county or municipal officer engaged in the lawful performance of his duties (RCW 69.50.506(c)).

In addition to the statutory exceptions, there is but one court created exception—accidental or unwitting possession for which the law will not convict. *State v. Cleppe,* 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006, 73 L. Ed. 2d 1300, 102 S. Ct. 2296 (1982). In *Cleppe,* at 379, the court considered the legislative history of RCW 69.50.401(c) noting the terms "knowingly or intentionally" were included in the first draft but omitted from the substituted Senate bill. The court concluded it was the Legislature's intent not to include knowledge or intent as an

element of the crime of possession. That conclusion makes possession of a controlled substance a crime malum prohibitum, a crime characterized by a lack of intent eliminated by the statute. *See Morissette v. United States,* 342 U.S. 246, 250, 96 L. Ed. 288, 72 S. Ct. 240 (1952); *State v. Bailey, supra; State v. Hartzog,* 26 Wn. App. 576, 615 P.2d 480 (1980), *rev'd in part on other grounds,* 96 Wn.2d 383, 406, 635 P.2d 694 (1981); *State v. Smith,* 17 Wn. App. 231, 234–35, 562 P.2d 659 (1977), *review denied,* 89 Wn.2d 1022 (1978). Under the statute and controlling case law, unwitting possession is not *lawful,* as suggested in *Bailey.*

We next consider whether *Bailey* correctly implies that the State must prove the possession was knowing, which brings us to Mr. Knapp's third contention. At the outset, it is clear from *Cleppe* neither knowledge nor intent is an element of the offense of possession of a controlled substance. This court is bound by that ruling until the Supreme Court overrules it. *State v. Gore,* 101 Wn.2d 481, 487, 681 P.2d 227, 39 A.L.R.4th 975 (1984). In *Cleppe,* at 381, the court having recognized a defense of unwitting possession, went on to state "[i]f the defendant can affirmatively establish his 'possession' was unwitting, then he had no possession for which the law will convict. *The burden of proof, however, is on the defendant.*" (Some italics ours.) The implication of *Bailey* is in direct conflict with *Cleppe.* As between the two, *Cleppe* must prevail.

Mr. Knapp, however, contends the court may not require him to prove by a preponderance of the evidence a defense which negates an element of the offense of possession of a controlled substance and thus, the general intent of the crime, citing *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983). In *Bailey,* at 727, the defendant argued that *Cleppe* had been implicitly overruled by *McCullum* because the defense of unwitting possession negates an element of "unlawfulness" in the crime of possession of a controlled substance.

There are crimes which contain a knowledge element (second degree assault), in which a lawful act (self–defense)

negates the culpability of the knowledge element. Similarly, there are crimes which contain an intent element (homicide), in which a lawful act (self–defense) negates the culpability of the intent element that the act is done "with the objective or purpose to accomplish a result which constitutes a crime", RCW 9A.08.010(1)(a). This is the essential basis of the holding in *McCullum,* at 490, in which it was stated:

> There are two ways to determine if the absence of a defense is an ingredient of the offense: (1) the statute may reflect a legislative intent to treat absence of a defense as one "of the elements included in the definition of the offense of which the defendant is charged", or (2) one or more elements of the defense may "negate" one or more elements of the offense which the prosecution must prove beyond a reasonable doubt.

(Citations omitted.) In this case neither knowledge nor intent is an element, so we must consider whether "unlawfulness" can be considered an element as now urged by Mr. Knapp.

The Washington Supreme Court Committee on Pattern Jury Instructions in 1977 included in the applicable elements instruction the word *unlawfully.*[2] The committee stated "that scienter or guilty knowledge, while not a separate element, is a part of the circumstances which make possession unlawful." Comment, WPIC 50.02, at 279–80. That committee obviously could not create an element of "unlawfulness" contrary to the legislative enactment. The use of the word "unlawful" identifies a legal conclusion, not a fact to be proved beyond a reasonable doubt.

We now examine the nature of the exception of unwitting possession to determine whether it is a true affirmative defense. There are statutorily created affirmative defenses which are required to be proved by a preponderance of the

---

[2]WPIC 50.02(1) states:
"That on or about the _____ day of _____, 19___, the defendant unlawfully possessed a controlled substance; . . ."

evidence. As noted in *State v. Acosta,* 101 Wn.2d 612, 615, 683 P.2d 1069 (1984):

[T]he Legislature has clearly provided that a defendant must prove certain defenses by a preponderance of the evidence. *See* RCW 9A.12.010 (insanity); RCW 9A.32-.030(1)(c), .050(1)(b) (felony murder); RCW 9A.40.030 (kidnapping); RCW 9A.44.030 (sexual offenses); RCW 9A.48.060 (reckless burning); and RCW 9A.76.100 (compounding a crime).

The statutory provision with respect to exceptions in cases of possession of a controlled substance is RCW 69.50.506(a) which provides:

It is not necessary for the state to negate any exemption or exception in this chapter in any . . . information . . . or in any trial . . . under this chapter. The burden of proof of any exemption or exception is upon the person claiming it.

Contrary to a true affirmative defense, this provision recognizes "exceptions" to the strict liability imposed by the statute. *Cleppe* similarly identifies unwitting possession as an exception and places the burden of proof on the defendant.

The Legislature, by enacting RCW 69.50.506(a), did not evidence an intent that the State be required to establish the absence of any exemption or exception beyond a reasonable doubt. *See Patterson v. New York,* 432 U.S. 197, 207–08, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). Rather, the Legislature permitted only the three exceptions noted above, leaving any others to be worked out as particular circumstances were presented. The modifying adjective "unlawful" added to the word "possession" in the Pattern Jury Committee's elements instruction (WPIC 50.02) is simply a method to submit the circumstances to the jury. Unwitting possession is supported by the rationale that it is a circumstance of possession for which the law will not impose culpability. The rationale does not presume the circumstance; it identifies it as "a separate issue on which the defendant is required to carry the burden of persuasion . . ." *Patterson v. New York,* 432 U.S. at 207.

We now return to Mr. Knapp's second contention he was improperly required to prove unwitting possession by a preponderance of the evidence. RCW 69.50.506(a) does not specify or define the burden of proof necessary to establish an exception, nor does *Cleppe*. Neither WPIC 50.02 nor 52.01 define the burden although the comment to 52.01 suggests if the State has proven unlawful possession, it necessarily has disproved unwitting possession. However, that rationale is dependent upon *Bailey,* which we have rejected as being in conflict with *Cleppe.*

At the least, the defendant who raises the issue of unwitting possession must establish it by creating a reasonable doubt on the ultimate issue of guilt. *State v. Hartzog,* 96 Wn.2d 383, 635 P.2d 694 (1981); *State v. Wilson,* 20 Wn. App. 592, 599, 581 P.2d 592 (1978). Thus, the defendant must carry the burden of persuasion to establish this exception as he does with respect to any element of the offense—the identity of the defendant, the time and place of the alleged offense, the inferences to be drawn from either the direct or circumstantial evidence, or to the assertion of an alibi. By requiring Mr. Knapp to raise a reasonable doubt, the State's burden of proving guilt is not shifted to him, it remains with the State. *Wilson,* at 599.

However, because the exception of unwitting possession negates culpability for a crime malum prohibitum, we conclude the court did not err in requiring Mr. Knapp to meet the burden of proof by a preponderance of the evidence and to this extent we disagree with *Wilson,* which preceded *Cleppe.* It is uniquely within his knowledge and ability to establish the exception. *See State v. Gerke,* 6 Wn. App. 137, 141, 491 P.2d 1316 (1971) (quoting Justice Cardozo in *Morrison v. California,* 291 U.S. 82, 88, 78 L. Ed. 664, 54 S. Ct. 281 (1933)):

> The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the

defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience *or of the opportunities for knowledge* the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression. Cf. Wigmore, Evidence, Vol. 5, §§ 2486, 2512 and cases cited.

*See also State v. Lawson,* 37 Wn. App. 539, 542, 681 P.2d 867 (1984) (it is within the defendant's knowledge and ability to establish the existence of one of the statutory exceptions to the unlawful possession or consumption of liquor by a minor). We conclude it places upon the defendant no greater burden than that required of a defendant who must establish insanity or one of the other statutorily created defenses noted in *Acosta.* The trier of fact must be satisfied by a preponderance of evidence the circumstances of unwitting possession have been sufficiently established to except from culpability. Merely raising a reasonable doubt does not meet that affirmative duty. We conclude the court did not err in requiring Mr. Knapp to prove unwitting possession by a preponderance of the evidence.

The judgment is affirmed.

THOMPSON, C.J., and GREEN, J., concur.

Reconsideration denied July 13, 1989.

Review denied at 113 Wn.2d 1022 (1989).