[Nos. 9490-1-III; 9491-0-III.  Division Three.  February 6, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. CESAR ADAME, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. ANA CAROLINA MALDONADO, *Appellant*.

---

804

*John D. Knodell III*, for appellant Adame (appointed counsel for appeal).

*John H. McKean,* for appellant Maldonado (appointed counsel for appeal).

*Paul Klasen, Prosecuting Attorney,* and *Kenneth L. Jorgensen, Deputy,* for respondent.

THOMPSON, J.—In this consolidated appeal, Cesar Adame and Ana Carolina Maldonado raise several issues related to the unwitting possession defense against a charge of possession of a controlled substance, RCW 69.50.401(d).[1] Mr. Adame also contends the crimes of possession of a controlled substance and unlawful possession of a short firearm or pistol, RCW 9.41.040(4),[2] constitute the same criminal conduct and should count as one crime for sentencing purposes, RCW 9.94A.400(1)(a). We affirm.

These convictions arose from a search, on April 4, 1988, of a Moses Lake house in which Mr. Adame and Ms. Maldonado had lived for more than a year. When deputies arrived, a male adult was sitting in a pickup truck in the driveway. Ms. Maldonado answered the door. A young child was in the front room, and two other juveniles were in a bedroom. Mr. Adame was in bed in the master bedroom. Ms. Maldonado's teenage daughter also was in the house.

As one of the deputies approached the bathroom, he heard a toilet flush. The deputy opened the door and saw a man standing in front of the toilet with his back to the

---

[1]"It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both . . .".

[2]"[A] person is guilty of the crime of unlawful possession of a short firearm or pistol if, after having been convicted of any felony violation of the uniform controlled substances act, chapter 69.50 RCW, or equivalent statutes of another jurisdiction, or after any period of confinement under RCW 71.05.320 or an equivalent statute of another jurisdiction, or following a record of commitment pursuant to chapter 10.77 RCW or equivalent statutes of another jurisdiction, he owns or has in his possession or under his control any short firearm or pistol."

deputy. "His pants . . . were not unzipped, [and] he was not utilizing the facilities at that point."

In the master bedroom, deputies found various containers with residues of cocaine, as well as items ·of drug paraphernalia. After the deputies arrested Ms. Maldonado, they took her to the master bedroom, where she retrieved some cash under the bedding. Her purse was on the bed, and she looked for socks in a dresser in the master bedroom.

Both Mr. Adame and Ms. Maldonado were charged with possession of cocaine and with unlawful possession of a short firearm or pistol. During trial on the cocaine charge, both defendants rested after the State presented its case. The jury found them guilty. Mr. Adame then pleaded guilty to the firearm charge. The firearm charge against Ms. Maldonado apparently was dismissed.

We first address whether the court erred in instructing the jury that the defendant has the burden of proving unwitting possession, and in refusing to instruct the jury that possession is not unlawful if the defendant did not know the substance was in his possession. Instruction 11 provided:

> In order to convict the defendants of possession of a controlled substance as charged in the Information, it is not necessary that the plaintiff establish that the defendants knew that the substance was present or that the defendants knew the nature of the substance.
>
> The law will not convict a person of possession of a controlled substance if the possession is "unwitting", that is, if the person did not know that the substance was present or did not know the nature of the substance. However, once the plaintiff has proved possession, either actual or constructive, the burden of proving that the possession was unwitting shifts to the defendants, who must affirmatively prove the same by a preponderance of the evidence.

The court refused to give the defendants' proposed instruction K, which provided:

> Possession of a controlled substance is not unlawful if the defendant did not know that it was in his possession, or did not know the nature of the substance. The plaintiff must prove

beyond a reasonable doubt that possession of a controlled substance is unlawful.[3]

■ Knowledge of the nature or presence of the substance is not an element of the crime of possession of a controlled substance. *State v. Cleppe,* 96 Wn.2d 373, 380, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006, 73 L. Ed. 2d 1300, 102 S. Ct. 2296 (1982); *State v. Knapp,* 54 Wn. App. 314, 318–19, 773 P.2d 134, *review denied,* 113 Wn.2d 1022 (1989). Instruction 11 thus is a correct statement of the law, and is proper when a defendant raises lack of knowledge as a defense. *Knapp,* at 319–22. The defendants' proposed instruction K incorrectly implies it is the State's burden to prove *unlawful* possession. Under the law of this state, the prosecution need prove only the fact of possession. The burden is on the defendant to prove unwitting or lawful possession. *See Knapp,* at 318.

■ Nevertheless, Mr. Adame and Ms. Maldonado argue they never directly raised the defense of unwitting possession, and the court thus should not have instructed the jury on this issue. In view of proposed instruction K, however, this argument is not well taken. Both defendants clearly were relying on the principle that possession without knowledge is lawful. Having raised the issue of lack of knowledge, they must abide the court's proper instruction on that issue.

Mr. Adame and Ms. Maldonado next point out that their convictions were based on constructive possession, which is established when it is shown that a person exercised dominion and control over the drugs or the premises where the drugs are found. *State v. Guitierrez,* 50 Wn. App. 583, 592, 749 P.2d 213, *review denied,* 110 Wn.2d 1032 (1988). They contend knowledge is an element of dominion and control, and thus of constructive possession.

---

[3]Clerk's papers in the case of State v. Maldonado, cause 9491–0–III, contain only the instructions proposed by Mr. Adame. The trial record shows, however, that counsel for Ms. Maldonado joined in Mr. Adame's objections to the court's instructions.

■ In Washington, the answer to this question depends on whether the substantive statutory provision has a knowledge element. *Compare State v. McKim,* 98 Wn.2d 111, 653 P.2d 1040 (1982) (deadly weapon enhancement statutes, RCW 9.95.015 and .040, apply only when the State proves the defendant knew a coparticipant was armed with a deadly weapon) *with State v. Davis,* 101 Wn.2d 654, 682 P.2d 883 (1984) (accomplice liability, RCW 9A.08.020, attaches regardless of whether the alleged accomplice knew the coparticipant was armed).[4] In both cases, the result was based on the defendants' constructive possession of weapons, yet the result differed because of the interrelationship of the statutory provisions involved. Similarly, based on its interpretation of RCW 69.50.401, the court in *Cleppe* determined knowledge is not an element of the crime of possession of a controlled substance. The State thus may prove constructive possession without regard to whether the defendant actually knew of the existence or nature of the substance.

It is a legislative, not a judicial, function to determine whether intent or guilty knowledge is an essential element of constructive possession. . . . RCW 69.50.401(c) is devoid of an intent requirement, and we will not judicially supply that element if the legislature has chosen to omit it.

(Citations omitted.) *State v. Sainz,* 23 Wn. App. 532, 540, 596 P.2d 1090 (1979).[5]

---

[4]The statutory scheme has been changed by the Sentencing Reform Act of 1981. *See* RCW 9.94A.125; *State v. Bilal,* 54 Wn. App. 778, 776 P.2d 153 (1989).

[5]*Dawkins v. State,* 313 Md. 638, 649, 547 A.2d 1041, 1046 (1988), on which Mr. Adame relies, observes without citation to authority that "an individual ordinarily would not be deemed to exercise 'dominion or control' over an object about which he is unaware. Knowledge of the presence of an object is normally a prerequisite to exercising dominion and control." We see no reason why knowledge should be a prerequisite to dominion and control. For example, a mailman exercises dominion and control over a package without knowing the nature of its contents. The Maryland court's unsupported observation simply bolstered its conclusion that knowledge must be an element of the crime of possession of a controlled substance under the Uniform Controlled Substances Act. As demonstrated above, Washington courts have applied a more analytical approach in construing criminal statutes.

■ Mr. Adame and Ms. Maldonado next contend the court erred in failing to instruct the jury that the defendant does not have the burden of proving a reasonable doubt exists. Instruction 5 provided in pertinent part:

> The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged. The state is the plaintiff and has the burden of proving each element of the crime beyond a reasonable doubt.

The defendants' proposed instruction would have added the sentence: "The defendant has no burden of proving that a reasonable doubt exists." *See* WPIC 4.01A. The additional language is true *only* to the extent the defendant is not required to prove the existence of a reasonable doubt as to an *element of the crime*. Here, because knowledge is not an element of the crime, the court properly placed on the defendants the burden of proving lack of knowledge. "By requiring [the defendants] to raise a reasonable doubt, the State's burden of proving guilt is not shifted to [them], it remains with the State." *Knapp,* at 321 (citing *State v. Wilson,* 20 Wn. App. 592, 599, 581 P.2d 592 (1978)). The court's refusal to add the defendants' proposed language in this instance was simply a recognition that it would have confused the jury by conflicting with the unwitting possession instruction.

Finally, Mr. Adame contends his convictions for possession of a controlled substance and unlawful possession of a short firearm or pistol should have counted as one crime in calculating his offender score. RCW 9.94A.400(1)(a) provides in pertinent part:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

Mr. Adame relies solely on this statutory language in arguing neither of the two crimes requires intent, and neither involved a victim. Both were committed at the same time and place, he argues, and thus should be treated as the "same criminal conduct" under the statute.

■ The Supreme Court has interpreted the statute somewhat less literally.[6] In *State v. Dunaway,* 109 Wn.2d 207, 214, 743 P.2d 1237, 749 P.2d 160 (1987), the court adopted a standard under which current offenses are to be treated as a single crime if they arise out of the same course of conduct, which means one criminal event is "intimately related or connected to" the other. In applying this standard, the court held,

> trial courts should focus on the extent to which the criminal intent, as objectively viewed, changed from one crime to the next. . . . [P]art of this analysis will often include the related issues of whether one crime furthered the other and if the time and place of the two crimes remained the same.

*Dunaway,* at 215. As the State points out, a "time and place" analysis is particularly unhelpful in analyzing possession crimes. Also, a discussion of possible "victims" of the crimes involved here becomes mired in a philosophical debate over the purposes of criminal law.

A more fruitful area for resolution of this issue is the determination of the "intent" of the two crimes. Although the Supreme Court is split over other facets of the *Dunaway* standard,[7] a majority clearly agrees the intent determination is crucial. *State v. Collicott,* 112 Wn.2d 399, 405–06, 771 P.2d 1137 (1989); *Collicott,* at 413–15 (Durham, J.,

---

[6]The statutory language defining the phrase "same criminal conduct" was added by Laws of 1987, ch. 456, § 5. Arguably, the rule announced in *State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987) has been altered by legislative amendment. However, a majority of the Supreme Court has treated the *Dunaway* rule as consistent with the new statutory language. *See State v. Collicott,* 112 Wn.2d 399, 405, 771 P.2d 1137 (1989); *Collicott,* at 412–13 (Durham, J., dissenting).

[7]In *State v. Collicott,* 112 Wn.2d 399, 404–06, 771 P.2d 1137 (1989), a 4-member plurality applied the abuse of discretion standard of review and adopted an "element sharing" principle in determining whether crimes were "intimately

dissenting). Intent, in this context, is not the particular *mens rea* element of the particular crime, but rather is the offender's objective criminal purpose in committing the crime. Thus, for example, the intent of robbery is to acquire property, and the intent of attempted murder is to kill someone. *Collicott,* at 405. Part of this inquiry is determining whether one crime furthered the other.

Thus, the absence of any *mens rea* element for the crimes here is irrelevant. We look, instead at the objective criminal purpose behind each crime. The purpose of possessing cocaine, of course is to use it or sell it. The felon's purpose in possessing a short firearm or pistol is less clear, although it may be argued the potential purpose is to facilitate the commission of some other crime. More importantly, the facts on record here do not support an implication Mr. Adame's possession of the firearm furthered his possession of the cocaine, or vice versa. Under these facts, possession of cocaine and unlawful possession of a short firearm or pistol are not the "same criminal conduct" as contemplated by RCW 9.94A.400(1)(a).

The convictions are affirmed.

MUNSON, C.J., and SHIELDS, J., concur.

Reconsideration denied March 19, 1990.

Review denied at 114 Wn.2d 1030 (1990).

---

related or connected". The 4-member dissent rejected "element sharing" as irrelevant. *Collicott,* at 414–15 (Durham, J., dissenting).