[No. 11572-1-III. Division Three. March 30, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. BENNY DEAN STALEY, *Appellant.*

---

[24]*McCoy v. Dairyland Ins. Co.,* 60 Wn. App. 882, 886, 808 P.2d 180 (1991).

*Mark E. Vovos,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *John F. Driscoll, Deputy,* for respondent.

GREEN, J.[*] — Benny Dean Staley was convicted by a jury for possession of a controlled substance — cocaine — in violation of RCW 69.50.401(d). He appeals contending the court erred by refusing to instruct the jury on his defense of unwitting possession. We agree and reverse.

The record reveals the following facts: Mr. Staley is a musician — a guitarist. On Thursday evening, August 23, 1990, he was employed as a single at the Pepperdine Restaurant in Spokane. His hours that night were from 9 p.m. until 1 a.m. unless a group of people came in late and, in that event, he would stay until 1:30 a.m. In addition to his musical instruments and amplifiers, Mr. Staley maintains a "tip jar" placed on a stool alongside his stage equipment. During his performance members of the audience put tips in the jar — usually for his playing of one of their requests. The "tip jar" is not always in his vision because, during breaks, he moves through the audience talking to individuals. Sometimes members of the audience will buy him a drink. At the conclusion of his

---

[*] Judge Dale M. Green is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

performance, he counts the contents of the "tip jar" and then leaves for home.

In the early morning hours of August 24 as Mr. Staley was about to end his performance, there were still people in the lounge and another group came in and wanted more music so he played until about 1:25 a.m. During that time someone dropped a $20 bill in the "tip jar". After he concluded his performance, he turned off his amplifier and guitar and began counting the contents of the "tip jar". The people were rowdy and talking to each other and to him as he counted. As he reached the bottom of his jar, he found a rolled up bill. He unrolled it and discovered a glass funnel with white powder in it. He testified that at this moment the lights were turned on for the last call for drinks and because the lights exposed all his tips he was "embarrassed" by the situation and put the tip money along with the rolled up bill containing the funnel into his pockets. He "had a quick shot at the bar, got paid . . . and started home."

On the way home, he observed a police car behind him. He was followed for about 20 blocks. Two blocks from his home, the lights on the police car were activated and Mr. Staley stopped. An officer approached Mr. Staley as he got out of his car and asked if he had been drinking. Another officer appeared and Mr. Staley was given the usual tests and arrested for driving while under the influence (DWI). During this time Mr. Staley volunteered to the officers that he had found what appeared to be cocaine in his "tip jar", placed it in his pocket along with the tip money, and it did not belong to him. He gave it to the officers. They asked him why he had not thrown it away and Mr. Staley replied, "I forgot about it". The substance was later tested and found to be cocaine. Fifteen minutes elapsed from the time Mr. Staley left the restaurant and was stopped by the police. Mr. Staley was charged with possession of cocaine, a felony.

At trial, his defense was unwitting possession. In support of this defense, his counsel proposed the following instruction:

> Possession that is fleeting, momentary, temporary or unwitting is not unlawful.

The trial court refused to give this instruction on the basis too much time had elapsed after discovery of the substance in the "tip jar". The court did instruct the jury in instruction 6 that "Possession of a controlled substance is not unlawful if the defendant did not know that it was in his possession." During the jury's deliberation, the jury sent the following written inquiry to the court:

> If agreed that the defendant was in the possession & knew he had the controlled substance — But felt that under the circumstances it was not "unlawful" Are the *circumstances* alone reason to find a verdict of not guilty? [I]n other words — can the circumstances alone [be] enough to outweigh the "letter" of the law.

The court responded: "Please read the instructions." The jury returned a verdict of guilty.

■ RCW 69.50.401(d) provides, in part:

> It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.

While neither guilty knowledge nor intent are elements of this crime, it is well recognized that "[i]f the defendant can affirmatively establish his 'possession' was unwitting, then he had no possession for which the law will convict. The burden of proof . . . is on the defendant." (Italics omitted.) *State v. Cleppe*, 96 Wn.2d 373, 381, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982); *State v. Adame*, 56 Wn. App. 803, 785 P.2d 1144, *review denied*, 114 Wn.2d 1030 (1990); *State v. Knapp*, 54 Wn. App. 314, 773 P.2d 134, *review denied*, 113 Wn.2d 1022 (1989).

■ Here, based on Mr. Staley's testimony, when he discovered the white substance in a glass funnel rolled into a bill in his "tip jar", he was an unwitting possessor and became a possessor of what "appeared" to him to be cocaine. Mr. Staley did not know positively, but that is what he thought it might be. Suddenly the lights came on and not wanting the

contents of his "tip jar" displayed, he felt "embarrassed" and stuffed all the contents in his pockets, had a drink and left for home. When the police stopped him, he volunteered this experience to them and gave them the glass funnel containing the white substance. On this record a jury could find Mr. Staley was an unwitting possessor of a substance he did not know was cocaine. Whether under all the circumstances his original unwitting possession reasonably continued until he was stopped by the police for driving while under the influence, 15 minutes later, on his way home is a question of fact for the jury, not an issue of law for the judge to decide.[1] To hold otherwise would result in an unwitting possessor being guilty at the moment he discovered the substance and, thus, eliminate the defense of unwitting possession.[2]

It is apparent from the jury's inquiry that some or all of the jury may have found Mr. Staley to be an unwitting possessor and acquitted him if the proposed instruction had been given. The court's refusal to instruct the jury regarding the defense of unwitting possession was error.

Reversed.

SHIELDS, C.J., concurs.

BROWN, J.[*] (dissenting) — The law requires the State to prove the defendant possessed the unlawful controlled substance. The defendant must show that the substance was possessed "unwittingly", that is, without the defendant's knowledge. *State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982); *State v. Knapp*, 54

---

[1]*See* WPIC 52.01 (Supp. 1986) and Note on Use suggesting appropriate instructions may have to be drafted for the particular case.

[2]It is for these reasons we reject the State's contention that defendant's theory of unwitting possession could have been argued under court's instruction 6.

[*]Judge Carolyn A. Brown is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

Wn. App. 314, 773 P.2d 134, *review denied,* 113 Wn.2d 1022 (1989).

The trial court instructed the jury on unwitting possession as follows:

> Possession of a controlled substance is not unlawful if the defendant did not know that it was in his possession.

Instruction 6 allows the defendant to argue he did not know the substance in the vial was a controlled substance and thus could not know it was in his possession.

I would affirm the conviction.

Review granted at 122 Wn.2d 1001 (1993).