[No. 60415-1. En Banc. April 21, 1994.]

THE STATE OF WASHINGTON, *Petitioner*, v. BENNY DEAN STALEY, *Respondent*.

*Donald C. Brockett, Prosecuting Attorney,* and *John F. Driscoll, Deputy,* for petitioner.

*Mark E. Vovos*, for respondent.

MADSEN, J. — The State petitioned for, and was granted review of, a Court of Appeals decision reversing Benny Dean Staley's conviction for violation of the Uniform Controlled Substances Act. We reverse the Court of Appeals and reinstate Staley's conviction.

## STATEMENT OF THE CASE

Defendant Staley is a musician. On the night of his arrest he was playing at the Pepperdine restaurant in Spokane. At trial Staley testified that he routinely maintains a tip jar which he places on a stool next to his instruments. At the end of an evening's performance, Staley typically counts the contents of the jar and leaves for home. On the evening of his arrest Staley testified he had been playing into the early morning hours. At the end of his performance, Staley began to count the tips from his jar and discovered a glass vial containing white powder. The vial was wrapped in a $20 bill. At the moment that he discovered the vial, the lights came on in the restaurant. Staley testified that he was embarrassed and immediately rolled up all of the bills and placed them in his right pants pocket. He placed the vial in his shirt pocket. Staley remained at the bar to drink a beer and then left for home. According to Staley he had forgotten about the vial. On the way home, Staley was stopped by police and, following sobriety tests, was arrested for DWI. As he was being handcuffed, he volunteered the vial to the officers. Staley testified "I told [the officer] that I had cocaine in my pocket. That I had found it in my tip jar and it wasn't mine". Partial Verbatim Report of Proceedings (Mar. 20, 1991, and Apr. 2, 1991), at 15. When asked why he did not throw the vial away, Staley stated that he had forgotten to do so. Between 15 and 30 minutes had passed since the defendant had first discovered the vial.

At trial, Staley requested a jury instruction which stated that "fleeting, momentary, temporary or unwitting" posses-

sion of cocaine is not unlawful. Clerk's Papers, at 62. Staley also proposed a "to convict" instruction which placed the burden on the State to prove that Staley intended to possess the cocaine. Excerpt of Verbatim Report of Proceedings, at 3-4. Clerk's Papers, at 43.

The court declined to give these proposed instructions. The trial court did, however, instruct the jury that "possession of a controlled substance is not unlawful if the defendant did not know that it was in his possession". Clerk's Papers, at 71. *See also* WPIC 52.01 (Supp. 1986).

Defense counsel took exception to the court's failure to include an intent element in the "to convict" instruction, stating "I understand what Your Honor is doing with the 'to convict' instruction, but by not including as an element of intent or knowledge, it takes away our theory of the case". Excerpt of Verbatim Report of Proceedings (Mar. 20, 1991), at 3-4. Staley's attorney also excepted to the court's failure to give his proposed instruction that "fleeting, momentary, temporary or unwitting" possession is not punishable. Excerpt of Verbatim Report of Proceedings (Mar. 20, 1991), at 4. Counsel took no exception to WPIC 52.01 but stated that "I want it in conjunction with the definition of unlawfully, the definition of knowingly, and the statement that possession that is fleeting, momentary, temporary or unwitting. It's not unlawful to that extent". Excerpt of Verbatim Report of Proceedings (Mar. 20, 1991), at 4.

During the jury's deliberations, the jury sent the following written inquiry to the court:

> If agreed that the defendant was in the possession & knew he had the controlled substance — [b]ut felt that under the circumstances it was not "unlawful"[,] [a]re the circumstances alone reason to find a verdict of not guilty? [I]n other words — can the circumstances [be] enough to out[weigh] the "letter" of the law.

Clerk's Papers, at 78. The court responded: "Please read the instructions". Clerk's Papers, at 78. The jury convicted the defendant.

A divided Court of Appeals reversed the conviction concluding that the trial court erred in failing to give Staley's "fleeting, momentary, temporary or unwitting" instruction. The Court of Appeals' majority opinion, written by Judge Green (pro tempore), stated:

> It is apparent from the jury's inquiry that some or all of the jury may have found Mr. Staley to be an unwitting possessor and acquitted him if the proposed instruction had been given. The court's refusal to instruct the jury regarding the defense of unwitting possession was error.

*State v. Staley*, 69 Wn. App. 222, 226, 848 P.2d 1274 (1993). The State petitioned for, and was granted, review before this court.

ANALYSIS

The only issue in this case is whether the defendant was entitled to his proposed instruction that "fleeting, momentary, temporary or unwitting" possession is not unlawful.

█ █ In a prosecution for unlawful possession under RCW 69.50.401(a) and (d) the State must establish two elements: the nature of the substance and the fact of possession by the defendant. *State v. Cleppe*, 96 Wn.2d 373, 378, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982); *see State v. Morris*, 70 Wn.2d 27, 34, 422 P.2d 27 (1966) (the State's burden is to prove possession of a narcotic drug beyond a reasonable doubt). Possession is defined in terms of personal custody or dominion and control. *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969).

The State may establish that possession is either actual or constructive. *State v. Walcott*, 72 Wn.2d 959, 968, 435 P.2d 994 (1967), *cert. denied*, 393 U.S. 890 (1968). "Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods." *Callahan*, at 29. To meet its burden on the element of possession the State must establish "actual control, not a passing control which is only a momentary handling". *Callahan*, at 29.

 The State is not required to prove either knowledge or intent to possess, nor knowledge as to the nature of the substance in a charge of simple possession. *Cleppe*, at 380. *See, e.g., Walcott*, at 968 (defendant claimed error in failure to give instruction that State must prove that he knew existence of drugs). Once the State establishes prima facie evidence of possession, the defendant may, nevertheless, affirmatively assert that his possession of the drug was "unwitting, or authorized by law, or acquired by lawful means in a lawful manner, or was otherwise excusable under the statute". *Morris*, at 34.[1]

The defense of "unwitting" possession may be supported by a showing that the defendant did not know he was in possession of the controlled substance. *Cleppe*, at 381. *See, e.g., State v. Bailey*, 41 Wn. App. 724, 728, 706 P.2d 229 (1985) (trial court properly instructed jury that possession not unlawful if defendant did not know drug was in his or her possession). The defendant may also show that he did not know the nature of the substance he possessed. *See State v. Adame*, 56 Wn. App. 803, 806, 785 P.2d 1144 (trial court correctly instructed the jury that possession was unwitting if the person did not know that the substance was present or did not know the nature of the substance), *review denied*, 114 Wn.2d 1030 (1990). If the defendant affirmatively establishes that "his 'possession' was unwitting, then he had no possession for which the law will convict". *Cleppe*, at 381.

Staley's proposed instruction[2] combines the defense of "unwitting" possession discussed in *Cleppe* with the terms "momentary and fleeting" derived from language in *Callahan*. The Court of Appeals cited as reversible error the trial court's refusal to instruct on the defense of "unwitting" possession in the language proposed by Staley. *Staley*, at 226. In so deciding it is apparent that the Court of Appeals

---

[1] These affirmative defenses are, of course, in addition to the defenses "of want of possession or that the evidence failed to show beyond a reasonable doubt such possession". *State v. Morris*, 70 Wn.2d 27, 34-35, 422 P.2d 27 (1966).

[2] "Possession that is fleeting, momentary, temporary or unwitting is not unlawful." Clerk's Papers, at 62.

confused the concept of "passing control" with the defense of "unwitting" possession.[3]

As noted earlier, evidence of "unwitting" possession may establish an affirmative defense to the charge of possession. This defense assumes that the State has established a prima facie showing of "possession". If one is an "unwitting" possessor, it will ordinarily make no difference how long the drugs were in the defendant's possession since, under this theory, the defendant is permitted to "explain" that the drugs were possessed either without knowledge of their existence or the nature of the substance. *Cleppe*, at 381; *Adame*, at 807.

The terms "momentary, temporary and fleeting" are not related to the defense of "unwitting" possession but go rather to the element of possession. To understand the import of those terms to the issue of possession it is useful to review the facts before the court in *Callahan*. The police, executing a premises warrant, discovered drugs in several locations on a houseboat. The issue on appeal was whether sufficient evidence existed on which the jury could find the defendant possessed the drugs. The defendant, Callahan, was merely a visitor to the houseboat but admitted to police that earlier on the day of the search he had handled the drugs later found in the houseboat. The court considered first whether the evidence supported a finding of actual possession. Since the defendant was not found with the drugs on his person the court stated that

> the only basis on which the jury could find that the defendant had actual possession would be the fact that he had handled the drugs earlier and such actions are not sufficient for a charge of possession since possession entails actual control, not a passing control which is only a momentary handling.

*Callahan*, at 29. The court then turned to the issue of constructive possession and determined that proof of mere

---

[3]In fact, the court did instruct on "unwitting" possession in the language of WPIC 52.01 based on Staley's argument that he had forgotten that the drugs were in his possession. While we question whether possession can become "unwitting" merely by memory lapse, the trial court's generosity in giving this instruction is not challenged.

proximity to the drugs and an earlier momentary handling did not establish dominion and control over the drugs; thus, the evidence was insufficient to "make the issue of constructive possession a question for the jury". *Callahan,* at 31. Significant to this determination was testimony that the drugs were owned by another who had sole control over them. The court said that "[c]onsideration must be given to the ownership of the drugs as ownership can carry with it the right of dominion and control". *Callahan,* at 31.

In its analysis, the *Callahan* court relied on language from *United States v. Landry,* 257 F.2d 425 (7th Cir. 1958). The facts in *Landry* were very similar to those in *Callahan.* In neither case was the defendant physically in possession of the drugs. In each case the prosecution attempted to prove actual possession by relying on the defendants' statements that each had handled the drugs at an earlier time. Rejecting the government's argument that the defendant's admission proved his actual possession, the *Landry* court said " '[t]o "possess" means to have actual control, care and management of, and not a passing control, fleeting and shadowy in its nature' ". *Landry,* at 431 (citing *United States v. Wainer,* 170 F.2d 603, 606 (7th Cir. 1948)).

The focus of these cases is not on the length of time of possession or "handling" as Staley's proposed instruction suggests, but on the quantum of evidence necessary for the State to establish the defendant's control over the drugs and thus carry its burden on the element of possession. To establish possession the prosecution must prove more than a passing control; it must prove actual control. *Callahan,* at 29; *Landry,* at 431. The "momentary handling" referred to by the *Callahan* and *Landry* courts may define, in part, the level of control the prosecution must prove to establish possession. The duration of the handling, however, is only one factor to be considered in determining whether control, and therefore possession, has been established.[4]

---

[4]In reversing the trial court here, the Court of Appeals expressed concern that in the absence of an instruction that "momentary, temporary, fleeting or unwitting possession" is not unlawful Staley would be guilty of possession at the moment he discovered the substance. *State v. Staley,* 69 Wn. App. 222, 226, 848 P.2d 1274 (1993).

Whether Staley "possessed" the cocaine was a question for the jury. Possession is an element of the offense and therefore the burden is on the State to establish a possession that is more than a "passing control". *Callahan*, at 29. While it may be proper to further explain "possession" by including language on the theory of passing control when defining possession for the jury, Staley did not request such an enhanced instruction. Instead, he proposed to instruct the jury that possession is not unlawful if the duration is brief. This is incorrect. *Callahan* did not create a legal excuse for possession based on the duration of the possession. Rather, evidence of brief duration or "momentary handling" goes to the question of whether the defendant had "possession" in the first instance. Depending on the total situation, a "momentary handling", along with other sufficient indicia of control over the drugs, may actually support a finding of possession. *See State v. Partin*, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977) (court will look at the totality of the situation to determine if there is substantial evidence tending to establish circumstances from which dominion and control may be inferred).

■ The trial court correctly addressed the defense of "unwitting" possession as distinct from notions of "passing control" and "momentary" handling. The court recognized that "momentary, temporary or fleeting" handling goes to the question of whether the State has carried its burden of proof on the element of possession, and is only one circumstance to consider on the issue. The court correctly declined to give Staley's proposed "unwitting" defense instruction since it provided that "momentary, temporary or fleeting possession" is lawful. *See State v. Stringer*, 4 Wn. App. 485, 490, 481 P.2d 910 (1971) (trial court properly refused to instruct that mere handling of the drug by itself is not a sufficient basis on which to find possession).

---

However, the court's scenario is not this case. More importantly the court overlooks the requirement that the State establish more than a "passing control" to sustain its burden on possession. *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969).

■ A defendant in a criminal case is entitled to have the jury fully instructed on the defense theory of the case. *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986). However, he is not entitled to an instruction which inaccurately represents the law or for which there is no evidentiary support. *State v. Hoffman*, 116 Wn.2d 51, 110-11, 804 P.2d 577 (1991) Staley's proposed instruction does not accurately represent the law and the trial court properly refused its inclusion.

The Court of Appeals is reversed.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.