# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68518-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MARIO MORENO-CAZAREZ, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: June 10, 2013 |
| | ) | |

Cox, J. — Mario Moreno-Cazarez appeals his conviction of possession of methamphetamine, claiming he received ineffective assistance of counsel when his attorney failed to propose an unwitting possession instruction. Because we conclude that defense counsel made a legitimate tactical decision, we disagree and affirm.

Kent Police arrested Mark Vander for possession of methamphetamine with the intent to deliver. In the presence of the police, Vander exchanged calls with a certain cellular telephone number. Based on the calls, police approached a white Chrysler Sebring in the parking lot of a Winco Food Store and arrested the driver, who was Moreno-Cazarez, and the backseat passenger, Charles Louder. In a search incident to arrest, an officer found a pipe of a type often used with crack or methamphetamine in Louder's pocket.

In a later search of the impounded Sebring, the police found a plastic bag containing suspected methamphetamine on the floorboard behind the driver's

seat. The police also found four cell phones in the car, one of which had the number associated with Vander's calls.

The State initially charged Moreno-Cazarez with possession of methamphetamine with intent to deliver. At a pretrial hearing, the trial court addressed the State's request for disclosure of the defense. The court said to defense counsel, "I saw in the omnibus order that there might be an unwitting possession defense." Defense counsel responded, "That would only apply if this case had been amended to a simple possession." After the court ruled on certain evidentiary matters, the State amended the charge to possession of methamphetamine.

At trial, Detective Eric Steffes testified that he interviewed Moreno-Cazarez at the jail after his arrest. According to Detective Steffes, Moreno-Cazarez said he was at Winco to meet a guy named Bones and give him a ride to meet a woman named Theresa. He said he did not know his passenger very well and only knew him by his nickname, "Chalky." Moreno-Cazarez admitted that he had purchased the Sebring a few weeks before. When Detective Steffes asked whether there were any drugs in the car, Moreno-Cazarez told him "there shouldn't be." Moreno-Cazarez also said there was a plastic bag in the trunk that belonged to a woman named Jamie. When asked if the bag contained drugs, Moreno-Cazarez responded, "No drugs that I know."

After the State's last witness had testified, the trial court and the parties reviewed the proposed jury instructions outside the presence of the jury. The following exchange occurred:

THE COURT: All right, 11 is the unwitting possession WPIC, this is WPIC 52.01, it was partly proposed by the defense but the defense did not include the second paragraph which is the burden of proof being on the defendant.

[Defense Counsel]: Your Honor, I would prefer to not have the instruction at all if it's going to read the ... way the WPICs had it. I believe the instruction, I believe it shifts the burden to the defense to actually disprove dominion and control and I don't like that instruction, I'd like to withdraw the proposal.

THE COURT: I think that this is a correct statement of the law and the other cases that were cited in the WPIC, they describe it as an affirmative defense but the defense has the burden of proof on --

[Defense Counsel]: I agree those are the current laws and this is the correct instruction but I would rather not have it.[1]

When the jury returned, the trial court informed the jury that the parties had stipulated that the substance found in the plastic bag on the floorboard of the Sebring was methamphetamine. The State rested. Then the defense rested without calling any witnesses.

In closing, the prosecutor argued that Moreno-Cazarez had constructive possession of the methamphetamine because it was in his car and immediately behind his seat. Referring to the jury instructions, the prosecutor argued that more than one person could possess a single thing at one time.

Defense counsel argued that Moreno-Cazarez did not have dominion and control over the methamphetamine because he didn't know what was going on behind him. He argued that Louder alone had dominion and control over the methamphetamine. Defense counsel concluded, "[W]e have a good case that

---

[1] Report of Proceedings (March 14, 2012) at 87-88.

Charles Louder possessed these drugs and [the State is] trying to include Mr. Moreno-Cazarez in that because he was driving the car."

In rebuttal, the prosecutor argued that the State did not have to prove that Moreno-Cazarez knew of the methamphetamine or that he was the only person with dominion and control over it.

The jury found Moreno-Cazarez guilty and the trial court imposed a standard range sentence.

Moreno-Cazarez appeals.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Moreno-Cazarez contends he received ineffective assistance of counsel when his attorney failed to request an unwitting possession instruction. We disagree.

We review ineffective assistance of counsel claims de novo.[2] To prevail, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his trial.[3] The reasonableness inquiry presumes effective representation and requires the defendant to show the absence of legitimate strategic or tactical reasons for the challenged conduct.[4] To show prejudice, the defendant must show that but for the deficient performance, there is a reasonable probability that

---

[2] In re Pers. Restraint of Brett, 142 Wn.2d 868, 873, 16 P.3d 601 (2001); see also State v. White, 80 Wn. App. 406, 410, 907 P.2d 310 (1995).

[3] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334–35, 899 P.2d 1251 (1995).

[4] McFarland, 127 Wn.2d at 336.

the outcome would have been different.[5] Failure on either prong defeats a claim of ineffective assistance of counsel.[6]

The pattern jury instruction on unwitting possession provides:

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person [did not know that the substance was in [his][her] possession] [or][did not know the nature of the substance].

> The burden is on the defendant to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.[7]

Unwitting possession is a judicially-created affirmative defense; it requires the defendant to prove by a preponderance of the evidence circumstances negating culpability that are "uniquely within his knowledge and ability to establish."[8]

Our review of the record indicates that defense counsel's decision to withdraw his request for an unwitting possession instruction was a legitimate trial tactic. As such, there is no basis for concluding that counsel's performance was deficient.

Based on his statements on the record, it is clear that defense counsel understood the applicable law and that he correctly conceded that the above instruction is a correct statement of the law. When it became clear that the trial

---

[5] In re Pers. Restraint of Pirtle, 136 Wn.2d 467, 487, 965 P.2d 593 (1998).

[6] Strickland, 466 U.S. at 697; State v. Foster, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

[7] 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 52.01 (3d ed. 2008).

[8] State v. Knapp, 54 Wn. App. 314, 317-22, 773 P.2d 134 (1989).

court was prepared to give the instruction, counsel made the strategic choice to withdraw his request for the instruction. It is clear he did so based on his concern regarding the defense's duty to carry its burden of proof.

The evidence presented at trial regarding Moreno-Cazarez's knowledge was limited to Detective Steffe's testimony. By not offering the unwitting possession instruction, counsel was able to argue that Moreno-Cazarez didn't know what was on the floor behind his seat without assuming any burden of proof or unnecessarily risking confusing the jury with distinct burdens of proof. Moreno-Cazarez's defense counsel's tactical decision to put the State to its burden of proving possession was reasonable and not deficient.

Moreno-Cazarez relies on State v. Thomas.[9] That reliance is misplaced. In Thomas, the defense theory of the case was that Thomas was too intoxicated to have formed the subjective mental state of wanton or willful disregard of others required to prove the charged crime.[10] But defense counsel failed to propose instructions indicating the subjective component of the law or the relevance of intoxication to the mental element of the crime.[11] The supreme court concluded that defense counsel's performance was deficient because the lack of the proper instructions allowed opposing counsel to argue conflicting rules of law to the jury.[12]

Here, the trial court properly instructed the jury on the law. Both the prosecutor and defense counsel presented arguments consistent with the

---

[9] 109 Wn.2d 222, 743 P.2d 816 (1987).
[10] Id. at 227.
[11] Id. at 228.
[12] Id.

instructions requiring the State to prove possession beyond a reasonable doubt. Thomas does not support Moreno-Cazarez's claim.

Because Moreno-Cazarez fails to demonstrate defective performance of his trial counsel, we need not address the prejudice prong of ineffective assistance of counsel.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Spearman, A.C.J._