# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

    Respondent,

    v.

JOSEPH MACDONALD VAUX,

    Appellant.

No. 67947-3

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 11, 2013

APPELWICK, J. — Vaux argues that the trial court violated his constitutional right to a defense by refusing to use requested jury instructions. The trial court, acting within its discretion, determined that the evidence did not support giving the instructions. Vaux also argues that the evidence was insufficient to show more than passing control of the firearm. Ample evidence supported a finding of possession. We affirm.

## FACTS

On February 26, 2010, Joseph Vaux and Michael Weimer went to Wade's Eastside Gun Shop and rented a firearm. Wade's collects identification from all renters. When Vaux reached into his pocket for his wallet, a baggie of white powder fell to the floor. The two men took the gun to the shooting range. Weimer shot the gun first then gave it to Vaux. Vaux loaded the gun, shot it, and returned it to Weimer.

Meanwhile, another customer noticed the baggie Vaux had dropped and alerted a Wade's employee. Suspecting the baggie contained drugs, the Wade's manager called the police. The manager also checked the lobby's security video to determine where the baggie came from. Police arrived at Wade's while Weimer and Vaux were shooting. The manager told police that Vaux had dropped the baggie and that he was still shooting on the range. Police ran a background check using the identification

documentation Vaux and Weimer provided to rent the gun. Both men were convicted felons. Police arrested Vaux on suspicion of possession of methamphetamine.

Vaux was charged with unlawful possession of a firearm in the first degree and possession of methamphetamine. At trial, the State introduced into evidence the judgment and sentence and guilty plea statement from Vaux's 2000 felony conviction. Although the plea statement notified Vaux that by pleading guilty he surrendered his right to possess firearms, the judgment and sentence did not mention the prohibition. Vaux requested three jury instructions based on the failure in the judgment and sentence to notify Vaux of the prohibition on possession of firearms. The trial court rejected the instructions, and the jury convicted Vaux on both counts.

DISCUSSION

I. Jury Instructions

Vaux first argues that the trial court's refusal to use the requested jury instructions denied Vaux his constitutional right to a defense. He contends that the trial court failed to view the evidence in the light most favorable to the defendant when determining whether substantial evidence supported his requested instructions.

Due process requires that jury instructions allow the parties to argue all theories of their respective cases supported by sufficient evidence, fully instruct the jury on the defense theory, inform the jury of the applicable law, and give the jury discretion to decide questions of fact. State v. Allen, 161 Wn. App. 727, 734, 255 P.3d 784 (2011), aff'd, No. 86119-6, 2013 WL 259383 (Wash. Jan. 24, 2013). But, a trial court need never give a requested instruction that erroneously states the law or that is not supported by substantial evidence. See State v. Mriglot, 88 Wn.2d 573, 578, 564 P.2d

2

784 (1977). When determining whether there is sufficient evidence to support a jury instruction, the court must view the evidence in the light most favorable to the party that requested the instruction. State v. Ponce, 166 Wn. App. 409, 416, 269 P.3d 408 (2012). We review a trial court's refusal to give jury instructions, if based on a factual dispute, for abuse of discretion. State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998).

Vaux requested three instructions based on State v. Breitung, 155 Wn. App. 606, 230 P.3d 614 (2010) (aff'd, 173 Wn.2d 393, 267 P.3d 1012 (2011)).[1] In that case, we addressed a court's failure to provide statutorily required notification. Id. at 613. RCW 9.41.047(1) provides:

> At the time a person is convicted . . . of an offense making the person ineligible to possess a firearm . . . the convicting . . . court shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm unless his or her right to do so is restored by a court of record.

We held that where a convicting court failed to give this mandatory notice and there is no evidence that the defendant otherwise acquired actual knowledge of the prohibition, the defendant's subsequent conviction for unlawful possession of a firearm is invalid and must be reversed. Breitung, 155 Wn. App. at 624. The Supreme Court affirmed, explaining that failure to provide a remedy for a violation of RCW 9.41.047(1) "ignores the statute's mandate and deprives the statute of any real bite." Breitung, 173 Wn.2d at 402. It held that lack of statutorily required notice is an affirmative defense. Id. at 403.

---

[1] The State argues that the requested jury instructions were erroneous statements of the law. Because the trial court refused the requested instructions based on a factual determination, we do not reach this argument.

The defendant bears the burden of proving the defense by a preponderance of the evidence. Id.

Breitung made clear that reversal of an unlawful possession of a firearm conviction is required where the judgment and sentence lacked the statutorily required notice *and* the defendant "did not otherwise have notice of the prohibition." Id. at 404. Thus, for the affirmative defense, the defendant must show that RCW 9.41.047 notice was not given. Id. at 403. And, there must be no evidence that the defendant "otherwise had knowledge of the law or notice of the firearm prohibition." Id. at 404.

In this case, the trial court determined that instructions on the affirmative defense were not warranted. At the time the court considered the requested jury instructions, the State had submitted into evidence both the judgment and sentence and the plea statement from Vaux's earlier conviction. The judgment and sentence contained no mention of the prohibition on possession of firearms. This established a prima facie affirmative defense. However, paragraph 6(u) of the plea statement included notification of the prohibition on possession of firearms. Vaux's signature on the statement showed that he "otherwise had... notice of the firearm prohibition." Id. This constituted evidence of actual knowledge, making the Breitung affirmative defense unavailable.

Vaux contends that his initials next to paragraph 6(u) make its meaning ambiguous. In fact, the plea statement leaves little room for ambiguity. First, all the paragraphs on the standard form plea statement that might not apply to the defendant end with the parenthetical explanation, "If not applicable, this section should be stricken and initialed by the defendant and the judge." The paragraphs that do not apply to Vaux

are stricken and initialed. Paragraph 6(u) was initialed but not stricken. But, paragraph 6(u), regarding the prohibition on possession of firearms, does not include the parenthetical explanation of the option to strike it, indicating that it applies in all cases. Second, paragraph 12 states, "My lawyer has explained to me, and we have fully discussed, all of the above paragraphs. I understand them all." Vaux affixed his signature directly below paragraph 12. Third, the only two paragraphs that are initialed but not stricken are paragraphs 11, the defendant's statement in his own words, and 6(u), regarding possession of firearms. This suggests that Vaux's attorney called his attention to these two important paragraphs. Finally, Vaux's attorney also signed the document, asserting that he "read and discussed th[e] statement with the defendant and believe[d] that the defendant [was] competent and fully underst[ood] the statement." Nothing in the plea statement suggests Vaux was unaware of or misunderstood paragraph 6(u).

Given this evidence of actual notice, the trial court acted within its discretion in determining that the facts of the case did not warrant instructions based on Breitung.

## II. Sufficiency of the Evidence

Vaux next contends that the State presented insufficient evidence to prove that Vaux possessed the firearm. Evidence is sufficient to support a conviction if, after viewing the evidence in a light most favorable to the State, a rational trier of fact could find each element of the crime beyond a reasonable doubt. State v. Rempel, 114 Wn.2d 77, 82, 785 P.2d 1134 (1990). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

5

RCW 9.41.040(1)(a) provides, "A person . . . is guilty of the crime of unlawful possession of a firearm in the first degree if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted . . . of any serious offense." Thus, the State must prove beyond a reasonable doubt that a defendant has a qualifying prior conviction; that the defendant knowingly owned, possessed, or controlled a firearm; and that the possession or control of the firearm occurred in Washington state. State v. Humphries, 170 Wn. App. 777, 787 n.5, 285 P.3d 917 (2012).

Under this statute, possession may be either actual or constructive. State v. Staley, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). The State may establish constructive possession by showing the defendant had dominion and control over the firearm. State v. Chouinard, 169 Wn. App. 895, 899, 282 P.3d 117 (2012), review denied, No. 87858-7 (Wash. Jan. 89, 2013). Dominion and control need not be exclusive to establish constructive possession of contraband. State v. Summers, 107 Wn. App. 373, 384, 28 P.3d 780, 43 P.3d 526 (2001).

Vaux argues that he had only passing control of the gun that did not amount to possession. He points out that he only had the gun for a limited time and that Weimer shot the gun more frequently than he did. But, passing control is not merely a temporal concept. Summers, 107 Wn. App. at 385. To determine whether a defendant had dominion and control, we focus not on the length of the possession but on the quality and nature of that possession. Id. at 386. A defendant's momentary handling of an item, along with other sufficient indicia of control, can support a finding of possession. Id. The totality of the circumstances determines possession. Id.

6

In this case, sufficient evidence showed that Vaux had possession of the firearm. First, Vaux signed a rental agreement with Wade's. Wade's employees testified that renters such as Vaux have the rented firearm in their possession and control. Second, witnesses said they saw Vaux shoot the firearm. Wade's security tape also shows Vaux loading and shooting the firearm. Finally, Vaux himself admitted that he shot the firearm at Wade's. This evidence shows that Vaux had dominion and control over the firearm, even if only for a short time. Sufficient evidence supports the finding that Vaux possessed the gun.

We affirm.

WE CONCUR: