# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48945-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CURTIS EDWARD VINCENT,<br>A/K/A CHRIS VINCENT, | |
| Appellant. | |

MAXA, A.C.J. – Curtis Vincent appeals his conviction of unlawful possession of a controlled substance–methamphetamine. He argues that because the methamphetamine was in his baseball hat rather than on his person, the evidence was insufficient to show actual possession. We hold that the presence of methamphetamine in Vincent's hat constituted actual possession. Therefore, we affirm his conviction.

## FACTS

On February 14, 2016, a City of Aberdeen police officer arrested Vincent following a traffic stop. Vincent was wearing a baseball hat. At the police station, a corrections officer checked the inside band of the hat and discovered a small bag containing what appeared to be a

controlled substance. Forensic testing established that the substance contained methamphetamine.

The State charged Vincent with unlawful possession of a controlled substance. Vincent presented an affirmative defense of unwitting possession based on his testimony that he was unaware that he had methamphetamine in his hat that day. Vincent admitted that he was a frequent drug user, that he stored drugs in his hat, and that he was the only one that had possessed or worn the hat. But he stated that he did not realize he had methamphetamine on him that day. The jury found Vincent guilty.

Vincent appeals his conviction.

ANALYSIS

At the close of the evidence, the parties agreed that the trial court would instruct the jury only on actual possession and not on constructive possession. Vincent argues that based on that instruction, the State presented insufficient evidence that he had actual possession of the methamphetamine found in his hat because he did not have physical custody of the methamphetamine. Instead, he claims that *his hat* had physical custody of the methamphetamine and therefore the most the State could prove was constructive possession. We disagree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106.

" 'Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession but that the person charged with possession has dominion and control over the goods.' " *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994) (quoting *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969)). In the context of a search incident to arrest, actual possession includes items " 'immediately associated' with the arrestee's person." *State v. Byrd*, 178 Wn.2d 611, 621, 310 P.3d 793 (2013).

Vincent argues that *Staley* supports his argument that he did not have actual possession of the methamphetamine. In *Staley,* the court addressed a proposed jury instruction stating that fleeting, momentary, temporary, or unwitting possession is not unlawful. 123 Wn.2d at 798. The court stated that the State must prove more than a passing control to establish actual possession, but also noted that a momentary handling may support a finding of possession. 123 Wn.2d at 801-02. But *Staley* did not address whether carrying drugs in a hat or any other article of clothing constituted actual possession. And this discussion is inapplicable here, where it is clear that Vincent had more than passing control over the hat.

The facts in this case demonstrate actual possession. The methamphetamine was in Vincent's baseball hat. Vincent was wearing the hat. As a result, he had physical custody of both the hat and the methamphetamine. This situation is no different than if the methamphetamine was in Vincent's pants pocket or in a bag he was carrying.

We affirm Vincent's conviction for possession of a controlled substance.

No. 48945-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
JOHANSON, J.

_____
LEE, J.