IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50237-2-II |
| Respondent, | |
| v. | |
| RICHARD DOUGLAS PETERO, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, A.C.J. – Richard Petero appeals his conviction of unlawful possession of a

controlled substance (methamphetamine).  He claims that the State failed to prove the element of

possession and therefore presented insufficient evidence to support his conviction.  Viewing the

evidence and all inferences from that evidence in favor of the State, we hold that sufficient

evidence supports the conviction.  Accordingly, we affirm Petero's conviction.

FACTS

On October 29, 2016, Sergeant Donna Main was patrolling in Kitsap County when she

saw Petero.  She confirmed that Petero had an outstanding arrest warrant.

Main later approached Petero as he was talking with John O'Guin on the porch of

O'Guin's house in Port Orchard.  Main told Petero that he was under arrest because of an

outstanding warrant.  Petero acted confused, asked what was going on, and flailed his arms as he

fell from the porch and knocked over a planter.  Main ordered Petero to the ground, detained

him, secured him in her police vehicle, and returned to speak with O'Guin.

Main asked O'Guin if he had seen Petero drop anything. O'Guin responded that he saw something white, like a tissue, leave Petero's hand and land in the side yard. Main went to that area and discovered a baggie of what appeared to be methamphetamine. The baggie was dry, even though the ground was wet. Testing showed that the baggie contained methamphetamine.

The State charged Petero with one count of unlawful possession of a controlled substance (methamphetamine).

At trial, O'Guin testified, "At one point when [Petero] swung his arms out from his side, he -- something white left his left hand . . . and it flew in the air into my side yard." Report of Proceedings (RP) at 66. O'Guin stated that he thought the item that flew out of Petero's hand was something like tissue paper. During cross-examination, defense counsel asked, "And you described a tissue paper." RP at 79. O'Guin responded, "Well, I thought that's what it was. Just something white flew out of his hand." RP at 79.

The jury found Petero guilty of unlawful possession of a controlled substance. Petero appeals his conviction.

ANALYSIS

Petero argues that the State did not present sufficient evidence that he possessed the baggie of methamphetamine, an essential element of unlawful possession of a controlled substance. We disagree.

A.    STANDARD OF REVIEW

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all

reasonable inferences drawn from that evidence. *Id.* at 106. Credibility determinations are made by the trier of fact and are not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Id.*

B.     ANALYSIS OF EVIDENCE

RCW 69.50.4013(1) makes it unlawful for any person to possess a controlled substance not obtained by a valid prescription. RCW 69.50.206(d)(2) identifies methamphetamine as a controlled substance. The trial court's to-convict instruction required the State to prove that Petero possessed a controlled substance. The trial court defined "possession" as "having a substance in one's custody or control." Clerk's Papers at 65; *see State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). The question at trial was whether Petero had actual custody or control of the baggie of methamphetamine before it ended up in O'Guin's yard.

The State's evidence showed that when Petero was flailing his arms, O'Guin saw a white object fly from Petero's hand and land in his side yard. Main then found a bag of methamphetamine in the spot where O'Guin said the object had landed. The bag was not dirty or smudged like it had been outside in the weather, and it was dry even though the grass was wet. This evidence was sufficient for a jury to reasonably infer that Petero possessed the baggie before it flew from his hand and landed in the yard.

Petero argues that the State's evidence was insufficient because Main did not see anything in Petero's hands, O'Guin thought the item that flew out of Petero's hand was a tissue, and the State did not present any fingerprint or DNA evidence linking Petero to the baggie. Although these arguments may support Petero's position, we must view the evidence in the light most favorable to the State. *Homan*, 181 Wn.2d at 105. Viewed in that light, O'Guin's

3

testimony is sufficient to establish that Petero had possession of the baggie of methamphetamine before it ended up in O'Guin's yard.

## CONCLUSION

We affirm Petero's conviction of unlawful possession of a controlled substance.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

JOHANSON, J.

MELNICK, J.