FILED
COURT OF APPEALS
DIVISION II

2014 OCT 14 AM 8: 55

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44515-8-II |
| Respondent, | |
| v. | |
| KENNETH CHENEY, | UNPUBLISHED OPINION |
| Appellant. | |

A jury found Kenneth Cheney guilty of possession of a controlled substance, methamphetamine. Cheney appeals and argues that he was denied his right to effective assistance of counsel when his attorney did not object during the State's closing argument. He asserts that the prosecutor improperly shifted the burden of proof to him. We hold that defense counsel was not ineffective; he properly failed to object. We affirm Cheney's conviction.

## FACTS

On October 18, 2012 at approximately 9:30 P.M., Cowlitz County Deputy Mark Johnson stopped a pickup driven by Cheney and occupied by his passenger, Robert Downey. The vehicle had proceeded the wrong way on a public street. Johnson approached the vehicle on the driver's side and asked Cheney for his operator's license, proof of insurance, and vehicle registration. Cheney produced his license and stated he did not have insurance. With the assistance of illumination from Johnson's flashlight, Cheney reached up to the visor to look for the vehicle's registration. He flipped the visor down, and pulled out some papers. They were bound together with a strap. The deputy noticed a red drug smoking device, a pipe, on top of the pile. This pipe is commonly used for smoking methamphetamine. Upon request, Cheney gave Johnson the pipe.

When asked about the pipe, Johnson said Cheney attempted to cover it up. Cheney and Downey said he did not. According to both, Cheney also denied owning the pipe but did say he took responsibility for the contents of his vehicle only after Johnson told him that was the law. Johnson was unsure if he ever advised Cheney about constructive possession, i.e. that an owner would be responsible for and in possession of items found in his vehicle. Johnson arrested Cheney and escorted him to the patrol car. Johnson testified that Cheney, after being advised of his *Miranda*[1] warnings and waiving them, said he would take responsibility for the pipe because it was in his vehicle. Johnson also said that Cheney told him the pipe was used to smoke methamphetamine. RP106, 108. Cheney denied telling Johnson "it was a meth pipe." 1B Report of Proceedings (RP) at 194.

At trial, the jurors heard the above inconsistent testimony. They also heard that Cheney owned the vehicle and frequently lent it to his roommate and other people. The parties stipulated that the powder found inside the pipe tested positive for methamphetamine.

Cheney asserted the affirmative defense of unwitting possession. At the end of the testimony, the court instructed the jury that the State had the burden of proving every element of the crime charged beyond a reasonable doubt. The court further instructed the jury that Cheney had the burden of proving unwitting possession by a preponderance of the evidence.

During closing argument the prosecutor argued his theory of Cheney possessing the methamphetamine. He then stated:

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

> Now it is their turn to show that they should not be held responsible, and this is where this case is unique for this one purpose. The burden shifts. And up to this point, I would surmise that [the defendant's attorney] will agree with everything I've said, that possession has been established. Now it is their job to prove unwitting possession. And only—only once they've prove that, can he not be held responsible for being in possession.

1B RP at 251.

The defense did not object during the State's closing argument. The jury returned a guilty verdict.

## ANALYSIS

Cheney appeals, claiming he did not receive effective assistance of counsel because his attorney did not object to the prosecutor's closing argument which he claims shifted the entire burden of proof to him and made it seem as though he conceded possession. We disagree.

To prevail on an ineffective assistance of counsel claim, a criminal defendant must demonstrate (1) deficient performance by counsel and (2) resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If the court finds either prong has not been met, it need not address the other prong. *Strickland*, 466 U.S. at 700; *accord State v. Garcia*, 57 Wn. App. 927, 932, 791 P.2d 244 (1990). To establish deficient performance, the defendant must show that trial counsel's performance fell "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

Courts presume counsel's representation was effective. *Strickland*, 466 U.S. at 689; *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). The presumption is rebutted if there is no possible tactical explanation for counsel's action. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004).

In evaluating Cheney's claim for ineffective assistance of counsel, it must be emphasized that Cheney claimed the affirmative defense of unwitting possession. "This defense assumes that the State has established a prima facie showing of 'possession'. If one is an 'unwitting' possessor[,] . . . the defendant is permitted to 'explain' that the drugs were possessed either without knowledge of their existence or the nature of the substance." *State v. Staley*, 123 Wn.2d 794, 800, 872 P.2d 502 (1994); *see also State v. Cleppe*, 96 Wn.2d 373, 381, 635 P.2d 435 (1981); *State v. Adame*, 56 Wn. App. 803, 807, 785 P.2d 1144 (1990). The defendant claiming the defense has the burden of proving it by a preponderance of the evidence. *State v. Balzer*, 91 Wn. App. 44, 67, 954 P.2d 931 (1998).

"In the context of closing arguments, the prosecuting attorney has 'wide latitude in making arguments to the jury and prosecutors are allowed to draw reasonable inferences from the evidence.'" *State v. Fisher*, 165 Wn.2d 727, 747, 202 P.3d 937 (2009) (quoting *State v. Gregory*, 158 Wn.2d 759, 860, 147 P.3d 1201 (2006)). We review allegedly improper comments in the context of the entire argument. *State v. Fisher*, 165 Wn.2d at 747.

In the present case, the State did not make improper comments in closing argument and did not impermissibly shift the burden of proof. The prosecutor explained the procedural scheme applicable to the case. The State clearly argued it had the burden to prove possession of the controlled substance; then, Cheney had the burden of proving unwitting possession. Therefore, Cheney has failed to show the first prong of the *Strickland* test. Cheney's counsel was not deficient.

44515-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Bjorgen, J.

_____
Lee, J.

5