FILED
COURT OF APPEALS
DIVISION II

2015 JUL 21 AM 9: 27

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46137-4-II |
| Respondent, | |
| v. | |
| DARYL C. REID, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. — Daryl Reid appeals his conviction of unlawful possession of a controlled substance in a corrections facility. We hold that (1) there was a proper chain of custody supporting the admission of drug evidence; (2) defense counsel's request of an unwitting possession jury instruction did not constitute ineffective assistance of counsel; and (3) Reid's assertions in his statement of additional grounds (SAG) of prosecutorial misconduct, ineffective assistance of counsel, judicial misconduct, insufficiency of the evidence, and cumulative error have no merit. Accordingly, we affirm Reid's conviction.

## FACTS

On November 9, 2013, Reid was an inmate in the Cowlitz County Jail and shared a cell with Jeremiah Landis. On that day, the jail conducted a linen exchange in which the prisoners would turn in their soiled linens and, as part of the process, be subject to a cell search. Corrections Officer Joel Treichel searched Reid and Landis's cell. In a linen bucket beneath Reid's bed, he discovered papers bearing Reid's name and a small baggie containing what

appeared to him to be drugs. Officer Treichel gave the substance to Deputy Sheriff Derek Baker, who took it to the evidence room and arranged for it to be sent to the crime lab for testing. A forensic scientist determined that the substance he tested was methamphetamine.

The State charged Reid with unlawful possession of a controlled substance, with a correctional facility enhancement.

At trial, Reid objected to the admission of the drug evidence, arguing that the State had failed to make a proper foundation. He argued that because Officer Treichel did not identify the evidence at trial, there was no chain of custody from Officer Treichel to Deputy Baker, who submitted it into evidence. The trial court overruled the objection and admitted the evidence. The forensic scientist then testified that the substance he tested was methamphetamine.

Officer Treichel explained that when he entered the cell, Reid's bed was on the bottom of the bunk bed and his bucket was beneath the head of his bed. Landis's bed was on the floor on the opposite side of the cell and Landis's bucket was near Landis's mattress.

Reid testified that he moved into his cell on November 5 after being released from the infirmary for a back injury. He explained that he carried his bucket of linens into his room, rolled the linens out onto the bed, and laid down to rest his back for the next few days. He testified that he never put anything into the bucket and did not even know whose bucket was whose because they were both under the bed. He denied that the drugs were his, suggesting that Landis planted them there because he was a creep and a jailhouse thief who took his food and possessions.

Reid requested an unwitting possession instruction, and the trial court gave that instruction. During rebuttal closing argument, the State told the jury that because this was an unwitting possession case, Reid was agreeing that he was in possession of the bag of drugs.

The jury found Reid guilty of possession of a controlled substance, and found by special verdict that he possessed the controlled substance within the county jail. Reid appeals.

ANALYSIS

A. CHAIN OF CUSTODY

Reid argues that Officer Treichel's description of the baggie seized from his cell is different than Deputy Baker's description of the one he placed in evidence.[1] Reid argues that because no one identified the baggie seized from his cell as the same one admitted into evidence, the trial court abused its discretion in admitting the drugs in the baggie as evidence at trial. We hold that the trial court did not abuse its discretion in admitting this evidence because the State established a sufficient chain of custody for its admission.

We review a trial court's decision to admit evidence for an abuse of discretion. *State v. Garcia*, 179 Wn.2d 828, 846, 318 P.3d 266 (2014). A trial court abuses its discretion where its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.*

---

[1] We disagree with Reid's characterization that the descriptions were markedly different. Officer Treichel testified that he found a two inch square baggie that appeared to contain drugs. Deputy Baker described it as "a small Ziplock baggie" with "a crystalline substance inside of it" "wrapped with electrical tape with another pharmaceutical -- a known pharmaceutical wrapping that was opened attached to it, as well." Report of Proceedings at 54.

Before a trial court admits evidence, the proponent must authenticate or identify it "to support a finding that the matter in question is what its proponent claims." ER 901(a). The chain of custody should show that it is improbable that the evidence has either been contaminated or tampered with. *State v. Roche*, 114 Wn. App. 424, 436, 59 P.3d 682 (2002). Minor discrepancies regarding the chain of custody affect the weight of the evidence, not its admissibility. *State v. Campbell*, 103 Wn.2d 1, 21, 691 P.2d 929 (1984).

Officer Treichel testified that he discovered a "little baggie" that looked similar to other bags of drugs he had discovered before. Report of Proceedings (RP) at 34. He then held on to the baggie until he handed it to Deputy Baker. Deputy Baker then explained that he took the evidence to the Sheriff's Office and submitted it to the state patrol crime lab for testing. At trial, he identified the baggie of drugs as the same one that he took from the jail and sent to the crime lab for analysis.

The State did not ask Officer Treichel to identify the baggie at trial. However, the testimony presented at trial tracked the baggie from Officer Treichel to Deputy Baker and then to the forensic scientist. And both Deputy Baker and the forensic scientist identified the baggie at trial. Any discrepancies in the chain of custody here were minor and do not affect the admissibility of the drugs in the baggie.

The State did show a proper chain of custody of the baggie. Therefore, we hold that the trial court did not abuse its discretion in admitting the drugs in the baggie into evidence at trial.[2]

---

[2] Reid also argues that without the drug evidence, the State failed to prove that he possessed a controlled substance. Because we hold that the trial court properly admitted the evidence, this claim fails.

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Reid claims that he was denied his constitutional right to effective assistance of counsel because defense counsel proposed an unwitting possession instruction. He argues that this instruction was inconsistent with his trial testimony that he did not have a linen bucket and that the drugs likely belonged to his cellmate. He further argues that counsel's conduct was prejudicial because it relieved the State of its burden of proving possession by essentially conceding possession. We hold that defense counsel's decision to offer alternatives to the jury was a legitimate trial strategy.

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on an ineffective assistance of counsel claim, the defendant must show both that (1) defense counsel's representation was deficient, and (2) the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Representation is deficient if after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 33. Prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the proceeding would have differed. *Id.* at 34.

We begin with a strong presumption that counsel's representation was effective. *Id.* at 33. To demonstrate deficient performance the defendant must show that, based on the record, there are no legitimate strategic or tactical reasons for the challenged conduct. *State v. Emery*, 174 Wn.2d 741, 755, 278 P.3d 653 (2012). The law affords trial counsel wide latitude in the choice of tactics. *In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 736, 16 P.3d 1 (2001).

5

Legitimate trial strategy or tactics cannot serve as the basis for a claim of ineffective assistance of counsel. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009).

The State's evidence at trial established that there were two buckets in the cell when Officer Treichel conducted his search. One was beneath Reid's bed and the other was across the room next to Landis's mattress. The bucket beneath Reid's bed had paperwork bearing Reid's name and underneath that paperwork was the baggie of methamphetamine.

However, Reid testified that he had never seen the baggie of methamphetamine until Officer Treichel showed it to him. He explained that he never used the bucket, Landis had stolen his food and clothes, his stuff was in Landis's bucket, and at some point there was only one bucket. Reid denied that he ever used the bucket after carrying his linens into the cell, that he had any paperwork, and that Landis's mattress was on the floor, claiming that Landis used the top bunk.

Confronted with this conflict between the State's evidence and Reid's testimony, defense counsel made a tactical decision to propose an unwitting possession instruction. In order for the jury to believe Reid's testimony, it would have had to disregard Officer Treichel's testimony about the physical layout of the cell, the location of the buckets, the presence of Reid's paperwork, and where Landis had been sleeping. Defense counsel reasonably could have assessed the evidence and decided that the jury most likely would believe that Reid had dominion of his bucket and consequently possessed the methamphetamine. Defense counsel's choice was to explain that even if Reid possessed the methamphetamine, he did so unwittingly. Under these circumstances, this choice was reasonable. Using this instruction allowed the jury an alternative explanation based on Reid's testimony that the drugs probably belonged to Landis.

Defense counsel made a reasonable tactical decision to request an unwitting possession instruction. Therefore, we hold that Reid did not establish ineffective assistance of counsel.[3]

C.     SAG ISSUES

1.     Prosecutorial Misconduct

Reid asserts that prosecutorial misconduct denied him a fair trial because the State (1) allowed a corrections officer to sit on the jury, (2) did not call Landis as a witness, (3) engaged in "perjury" by asking him whether he made certain statements, (4) improperly commented on a witness's credibility, and (5) argued in closing argument that there was no dispute that the bucket in which the drugs were found belonged to Reid. We disagree.

To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was both improper and prejudicial. *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 704, 286 P.3d 673 (2012). We review the prosecutor's conduct and whether prejudice resulted therefrom "by examining that conduct in the full trial context, including the evidence presented, 'the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury.' " *State v. Monday*, 171 Wn.2d 667, 675, 257 P.3d 551 (2011) (internal quotation marks omitted) (*quoting State v. McKenzie*, 157 Wn.2d 44, 52, 134 P.3d 221 (2006)). A prosecutor has wide latitude in making arguments to

---

[3] Because we hold that defense counsel's performance was not deficient, we do not address Reid's claim that trial counsel's decision prejudiced him because it allowed the State to argue during closing argument that Reid had conceded possession. *See Kyllo*, 166 Wn.2d at 862 (failure on either prong of test ends inquiry). In any event, we disagree with Reid's characterization of the State's closing argument. The State's argument merely set out the two theories for the jury to consider.

the jury and may draw reasonable inferences from the evidence. *State v. Fisher*, 165 Wn.2d 727, 747, 202 P.3d 937 (2009).

First, Reid apparently argues that the State should have requested that a correctional officer be dismissed from the jury. However, simply because a potential juror is a governmental employee does not disqualify that person from sitting on the jury. And nothing in the record before us shows any error in the jury selection process. *See* RCWA 4.44.120 (impanelling the jury, voir dire, and challenges for cause). We hold that the State did not commit misconduct by not requesting that the correctional officer be dismissed.

Second, Reid argues that the State violated *Brady*[4] by not calling Landis as a witness when he had knowledge regarding the case. However, the State has no duty to call any specific witness. If Reid wanted Landis to testify, he could have called him as a defense witness. We hold that the State did not engage in any misconduct in not calling Landis as a witness.

Third, Reid argues that the prosecutor committed "perjury" or used perjured testimony. SAG at 4. He argues that the State improperly asked him if he responded to Officer Treichel by asking, "What are you doing to me right now?" RP at 80. Because Reid testified during his direct testimony about what he said to Officer Treichel when Officer Treichel showed him the baggie of drugs, the State had the right to question Reid about what statements he made. And there is no indication in the record that the State had no factual basis for asking the question. We hold that the State did not engage in perjury.

---

[4] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

Fourth, Reid argues that the prosecutor improperly commented on and vouched for Officer Treichel's credibility. However, the State has wide latitude in closing argument and nothing here indicates that the prosecutor vouched for a witness. The record shows that the prosecutor presented reasons why the jury should find Officer Treichel more believable than Reid. This was proper argument based on the evidence. *See State v. Russell*, 125 Wn.2d 24, 87, 882 P.2d 747 (1994) (a prosecutor "is entitled to make a fair response to the arguments of defense counsel."). We hold that the State did not improperly comment on a witness's credibility.

Fifth, Reid argues that the prosecutor improperly stated in closing argument that there was no dispute that the drugs were in Reid's bucket because of the unwitting possession instruction. However, the prosecutor merely stated that an unwitting possession defense applies only if the defendant agrees that the drugs were in his possession. This is a correct statement of the law. *State v. Staley*, 123 Wn.2d 794, 799, 872 P.2d 502 (1994). The prosecutor specifically acknowledged that Reid testified that he did not know he was in possession of the drugs. The prosecutor's point was that Reid's arguments were inconsistent. We hold that there was nothing improper about this argument.

We hold that Reid's assertion of prosecutorial misconduct fails.

2.    Ineffective Assistance of Counsel

Reid argues that he was denied his right to effective assistance of counsel because defense counsel (1) waived opening statement, (2) failed to call Landis as a witness, (3) failed to cross-examine Deputy Baker about the chain of custody, (4) allowed the trial judge to take

9

possession of discovery from another related case, and (5) failed to object at five critical times during the trial. We disagree.

As noted above, to prevail on an ineffective assistance of counsel claim, the defendant must show both that (1) defense counsel's representation was deficient, and (2) the deficient representation prejudiced the defendant. *Grier*, 171 Wn.2d at 32-33. And legitimate trial strategy or tactics cannot serve as the basis for a claim of ineffective assistance of counsel. *Kyllo*, 166 Wn.2d at 863.

### a. Tactical Decisions

Defense counsel's decisions to waive opening statement, not to call Landis as a witness, and not to cross-examine Deputy Baker regarding the chain of custody clearly were tactical decisions. *See In re Pers. Restraint of Davis*, 152 Wn.2d 647, 715, 101 P.3d 1 (2004) (waiver of opening statement is not ineffective assistance of counsel); *Stenson*, 142 Wn.2d at 736 (discussing matters that are tactical decisions, such as calling and cross-examining witnesses, and not decisions in which trial counsel must accede to his client). Further, Reid cannot show how these decisions prejudiced him. For instance, Reid merely speculates about what testimony Landis would have given. Nothing in the record shows that he would have testified favorably. Similarly, Reid fails to show what evidence would have been introduced by cross-examining Deputy Baker on the chain of custody.

We hold that Reid did not receive ineffective assistance of counsel on these matters.

### b. Judge Taking Possession of Evidence

During a preliminary hearing, Reid possessed discovery materials from another criminal charge against him. Reid was concerned that if he returned these materials to the State, these

materials could be altered and he asked the court if he could keep a copy. Because he was not allowed to take the materials back to his jail cell, the trial court took possession of the materials to keep them for Reid. Reid apparently argues that his attorney was deficient in allowing this arrangement.

Regardless of whether this arrangement was proper, whether defense counsel should have objected and whether the judge's possession of these materials caused him any prejudice in this case are outside the record. As a result, we do not consider this assertion. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

c.    Failure to Object

Reid asserts that defense counsel provided ineffective assistance by not objecting when (1) the trial court seated a corrections officer on the jury, (2) the prosecutor questioned Reid about his statement to Officer Treichel, (3) the prosecutor vouched for the credibility of a witness, (4) the prosecutor stated in closing argument that possession of the bucket was undisputed, and (5) the prosecutor misstated the law on unwitting possession. We disagree.

As stated above, it was not improper for the prosecutor to question Reid about his statements to Officer Treichel, the prosecutor did not vouch for the credibility of Officer Treichel, and the prosecutor did not misstate that Reid did not dispute his possession of the drugs. Therefore, defense counsel was not deficient in failing to object and Reid's ineffective assistance claims based on these actions have no merit. But two assertions require additional discussion.

First, defense counsel could have used a peremptory for cause challenge to dismiss a corrections officer from the jury when the State was relying on the testimony of corrections

11

officers. However, whether to seek dismissal of a juror is a classic example of a tactical decision. *Stenson*, 142 Wn.2d at 736. Defense counsel may have had a strategic reason to want this particular juror on the jury panel. And there is no indication in the record that this juror demonstrated any objectionable bias that would have required his removal. Therefore, we hold that defense counsel was not deficient in failing to dismiss this juror.

Second, regarding the prosecutor's statements about the unwitting possession instruction, the trial court instructed the jury:

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession.
>
> The burden is on the defendant to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

Clerk's Papers at 48.

The prosecutor did not make an objectionable statement when it explained to the jury that Reid could only show unwitting possession by first admitting that he possessed the controlled substance. The prosecutor also did not make an objectionable statement when he explained the elements of unwitting possession as his explanation followed the trial court's instruction. Therefore, we hold that Reid's ineffective assistance claims based on defense counsel's failure to object during the State's closing argument have no merit.

We hold that Reid's assertion of ineffective assistance of counsel fails.

3. Judicial Misconduct

As noted above, the trial court took possession of discovery materials from another criminal case to hold them for Reid. Reid asserts that this, coupled with allowing a corrections

officer to sit on the jury, violated Canon 3(C)(1) of the Code of Judicial Conduct (CJC)[5] and constituted judicial misconduct. We disagree.

First, Reid fails to explain why the trial court's action of keeping a document for Reid at Reid's request violated judicial canons and denied him a fair and impartial tribunal. Second, although the trial court took possession of the materials, another judge presided over his trial. Therefore, he cannot show how the trial court's conduct caused him any prejudice. And third, as noted above, Reid fails to show any impropriety in the jury selection process. Accordingly, we reject Reid's claim of judicial misconduct.

4. Insufficiency of the Evidence

Reid appears to argue that the drug evidence should have been suppressed because the lab technician did not weigh the drugs before and after testing them, and that without this evidence the State could not prove its case. We disagree.

The record shows that the forensic scientist did not weigh the substance or determine its potency. However, Reid does not explain why that failure rendered the testing evidence inadmissible. Although the forensic scientist could have been more thorough in his testing method, that fact relates to the weight rather than the admissibility of the testing evidence.

Reid claims that the forensic scientist's failure to weigh the drugs prevented him from performing independent testing on them. However, this claim depends on matters outside the

---

[5] Reid is relying on former CJC 3(C)(1) (1995), which stated that "[j]udges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned." This exact language no longer exists in the current CJC, but the same principle is embodied in Canon 2 (2014).

record and therefore we do not consider it. *McFarland*, 127 Wn.2d at 335 (this court may only consider matters that are made part of the record).

5.   Cumulative Error

Reid contends that the cumulative error doctrine entitles him to relief because the combined effect of the alleged errors denied him a fair trial. Under the cumulative error doctrine, we may reverse a defendant's conviction when the combined effect of trial errors effectively denies the defendant his or her right to a fair trial, even if each error alone would be harmless. *State v. Weber*, 159 Wn.2d 252, 279, 149 P.3d 646 (2006). But because Reid has failed to show any prejudicial errors affecting his conviction, we reject this assertion.

We affirm Reid's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

SUTTON, J.

14